UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SARA B., <br>　　　　Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner <br> of the Social Security Administration, <br>　　　　Defendant. | ) <br> ) <br> ) <br> )　CAUSE NO.: 1:22-CV-52-JVB <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Plaintiff Sara B. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision for an award of benefits or, alternatively, reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, the Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's February 4, 2020 application for benefits, she alleged that she became disabled on October 18, 2019. After an April 14, 2021 hearing, the Administrative Law Judge (ALJ) issued her decision on May 25, 2021, finding that Plaintiff had the severe impairments of thoracic and cervical spondylosis, chronic pain syndrome/failed back syndrome, status post cervical fusion, fibromyalgia, obesity, generalized anxiety disorder, and major depressive disorder. (AR 12). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment, and further determined that Plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following exceptions:

>   never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; could perform occasional overhead reaching with the bilateral upper extremities, should avoid slick surfaces, unprotected heights, and dangerous moving machinery; can perform work requiring simple instructions and routine, repetitive tasks, defined as tasks and instructions that can be learned through short demonstration, up to and including one month; can follow both simple and detailed, but uninvolved, instructions; cannot perform work requiring a specific production rate, such as assembly-line work; can meet production requirements that allow a flexible and goal oriented pace; can maintain the focus, persistence, concentration, pace, and attention to engage in such tasks for two-hour increments, for eight-hour workdays, within the confines of normal work breaks and lunch periods; can make simple work-related decisions; could respond appropriately to predictable, routine changes in the workplace; could tolerate brief and superficial interaction with supervisors, coworkers, and the general public, which is defined as occasional and casual contact with no prolonged conversations, but contact with supervisors still includes what is necessary for general instruction, task completion, or training.

(AR 17). The ALJ determined that Plaintiff was incapable of performing her past relevant work but was able to perform the job requirements of the representative occupations of document preparer, hand mounter, and semi-conductor bonder. (AR 24-25). Accordingly, the ALJ found Plaintiff to not be disabled from October 18, 2019, through May 25, 2021, which is the date of the ALJ's decision. (AR 26). This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act. 20 C.F.R. § 1520(a)(4). The first step is determining whether the claimant is engaged in substantial gainful activity. If the claimant is, then the claimant is determined to be not disabled. *Id.* at § 1520(a)(4)(i). The remaining steps are:

> whether the claimant has a severe impairment; whether the claimant's impairment is one that the Commissioner considers conclusively disabling; if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (index numbers omitted). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ erred and that her decision should be reversed because the ALJ failed to properly weigh medical opinion evidence and because the ALJ did not, at step five, identify jobs with a significant number of positions in the national economy that Plaintiff could perform. The Court remands this matter on the grounds that the ALJ did not build a logical bridge regarding the weight that she assigned to the medical opinions of the state agency psychologists. The Court does not find that the ALJ made an error regarding step five.

### A. Medical Opinions

"A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:" performing physical demands of work activities (e.g., sitting, standing); performing mental demands of work activities (e.g., understanding,

remembering); performing other demands of work (e.g., seeing, hearing); and, adapting to environmental conditions (e.g., temperature extremes, fumes). 20 C.F.R. § 404.1513(a)(2).

Three medical opinions are in the record: the state agency psychologist's opinion on initial review, another state agency psychologist's opinion on reconsideration, and the opinion of Plaintiff's therapist. The ALJ departed from the two state agency's psychologists' opinions and rejected the opinion of Plaintiff's therapist.

Plaintiff contends that the ALJ failed to explain how she considered the supportability and consistency of the consulting psychologists' opinions. The Social Security Administration, in its regulations, has clarified that supportability and consistency are the most important factors to consider when assigning weight to a medical opinion. 20 C.F.R. § 404.1520c(b)(2). The administration specifically stated that "we will explain how we considered the supportability and consistency factors for a medical source's medical opinions . . . in your determination or decision." *Id.*

The Commissioner concedes that the ALJ did not explain either of these matters but asserts that the error is harmless. The harmless error standard applies in Social Security cases. *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021). If the Court can "predict with great confidence what the result of remand will be," then the error is harmless. *Id.* (quoting *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011)). Harmless error analysis, however, does not remove the ALJ's obligation to build a logical bridge from evidence to conclusion. *Brenda L. v. Saul*, 392 F. Supp. 3d 858, 863 (N.D. Ill. 2019).

The Commissioner notes that the ALJ explained some aspects of her decision, such as explaining that Plaintiff's anxiety and depression warranted more restrictive limitations than the agency psychologists opined. However, this does not address whether the opinions that the ALJ

4

adopted as generally persuasive were supported by or consistent with the evidence of record. The ALJ identifies no evidence that supports or is consistent with the portions of the opinions adopted without modification, nor does she identify evidence that fails to support or is inconsistent with the portions of the opinions that the ALJ found to be not sufficiently restrictive.

Not only has the ALJ failed to explain either the supportability or consistency of the agency psychologists' opinions, but she has also failed to provide any insight into her decision to find these opinions generally persuasive. (AR 24). The ALJ notes that her RFC is "somewhat more restrictive in defining unskilled work, in precluding work with a specific production rate, and in providing for predictable and routine workplace changes." *Id.* She continues to explain that the RFC limits work to decrease work-related stressors and alleviate concentration, pace, and persistence concerns. However, none of this explanation is an evaluation of how persuasive the ALJ finds the opinions to be.

There is no logical bridge here. Perhaps, if the ALJ had considered the opinions in terms of their supportability and consistency (and other factors as provided in applicable regulations), she would have determined that the opinions are not as persuasive as she determined them to be here, without considering the regulatory factors. The ALJ's error is not harmless, and this case must be remanded. In the interest of judicial economy, the Court declines to consider the remaining arguments regarding the weight given to the medical opinions in the record.

### B. Step Five

Plaintiff argues that the 41,000 positions in the national economy that were identified as jobs that a person with Plaintiff's RFC could perform do not amount to a "significant number" of jobs as is required to find that Plaintiff is not disabled. The caselaw of the Seventh Circuit "does not provide a clear baseline for how many jobs are needed" to meet the threshold of a significant

number of jobs. *Milhem v. Kijakazi*, 52 F.4th 688, 696 (7th Cir. 2022). The Seventh Circuit Court of Appeals has recently held that 89,000 jobs is a significant number of jobs in two cases. *See id.* at 696-97; *Kuhn v. Kijakazi*, No. 22-1389, 2022 WL 17546947, at *3 (7th Cir. Dec. 9, 2022).

The courts in *Milhem* and *Kuhn* addressed what evidence is sufficient to support that a certain number of jobs exist, but those courts did not provide guidance as to what number of jobs is significant, other than implicitly finding that 89,000 jobs meet the standard. In short, the Seventh Circuit's recent cases have focused on whether the number of jobs identified is accurate, not whether it is a sufficient number to be "significant." To be sure, though, "work existing in 'very limited numbers' cannot be 'significant.'" *Kuhn*, No. 22-1389, 2022 WL 17546947, at *2.

Where an ALJ has "grounded her conclusion that the number of jobs mentioned was 'significant' on her consideration of [the claimant's] age, education, work experience, and [RFC] and that [the claimant] was capable of making a successful adjustment to work that exists in the economy," then the decision is based on substantial evidence. *Milhem*, 52 F.4th at 696 (internal quotations omitted). Those are the same matters that the ALJ considered here in finding that the 41,000 positions in the national economy identified by the vocational expert here as jobs that Plaintiff can perform were a significant number. Step five does not present an independent ground for remand.

### C. Request for Award of Benefits

Plaintiff has asked for a finding that she is disabled and an order that this case be remanded for an award of benefits. However, that relief is only appropriate when "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411,

415 (7th Cir. 2011). Therefore, the alternative request for remand for further administrative proceedings is granted instead.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the alternative relief requested in Plaintiff's Opening Brief [DE 14], **REVERSES** the decision of the Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on February 15, 2023.

<u>s/ Joseph S. Van Bokkelen</u>
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT